ATKINSON v. ABRAHAM et al.

(Supreme Court, Appellate Division, Second Department.   January 9, 1903.)

1. DISMISSAL OF ACTION—NEGLECT OF ATTORNEY—REINSTATEMENT.
    An action was begun in June, 1898, and issue was joined the following
    month.   In December, 1900, the complaint was dismissed because of un-
    reasonable neglect in prosecuting.   Plaintiff's affidavit showed that, after
    beginning the action through her attorney, she received no information
    from him, and had no knowledge as to what had been done in the cause
    until after the complaint had been dismissed.   She then ascertained that
    he had left the state without intention of returning.   Notice of motion
    to dismiss was served on him by mail, but he did not oppose it, and it
    was granted by default.   *Held*, that the order dismissing the complaint
    and the default judgment were properly set aside on the payment of all
    costs by plaintiff.

2. SAME—TIME FOR APPLICATION.
    Though Code Civ. Proc. § 724, authorizes relief against a judgment,
    order, or other proceeding "at any time within one year after notice,"
    under the direct provisions of section 798 double time is allowed where
    notice is served by mail.

Appeal from special term, Kings county.

Action by Marie J. Atkinson against Abraham Abraham and others.
From an order vacating an order dismissing the complaint, and vacat-
ing the judgment entered upon such order, defendants appeal.   Af-
firmed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-
WARD, and HIRSCHBERG, JJ.

E. Clyde Sherwood (Frank V. Johnson, on the brief), for appellants.
Thomas F. Magner, for respondent.

WILLARD BARTLETT, J.   This action was commenced in June,
1898, and issue was joined by the service of an answer in July of the
same year.   In December, 1900, upon a motion of the defendants, an
order was made at special term dismissing the complaint because of the
unreasonable neglect of the plaintiff to prosecute the action.   This
order directed that the complaint be dismissed, and that the defendants
have judgment against the plaintiff for their costs and disbursements;
and judgment was entered accordingly on December 13, 1900.   Upon
the following day the judgment, with notice of its entry, was served
upon the plaintiff's attorney by mail.   In April, 1902, plaintiff moved
to vacate the order for judgment, and the judgment itself, and the
motion was granted upon condition that the plaintiff pay to the defend-
ants or their attorney all of the defendants' costs, together with $10
costs of motion.   From this order the present appeal is taken.

The affidavit of the plaintiff shows that, after beginning the action
through her attorney, who at that time had an office in the city of New
York, the plaintiff received no information from him, and had no
knowledge as to what had been done in the cause until after the com-
plaint had been dismissed for lack of prosecution.   She then ascer-
tained that her attorney had left the state without any intention of
returning.   Notice of the motion to dismiss for failure to prosecute
was served upon the plaintiff's attorney by mail, but he did not appear

to oppose the motion, and it was granted by default. It is evident that this default was suffered wholly through the omission of her attorney properly to represent the plaintiff; and, under the circumstances, we think the court exercised a wise discretion in relieving her from the consequences of the default upon the terms which have been stated, namely, the payment of all the costs of the action and $10 costs of motion.

Section 724 of the Code of Civil Procedure, which authorizes the court to relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect, requires that such power should be exercised "at any time within one year after notice" of the judgment or order sought to be set aside; and it is suggested that the plaintiff's motion, which resulted in the order appealed from, was too late, under this section, inasmuch as it was made more than one year after the order and judgment dismissing the complaint for want of prosecution. It is a sufficient answer to this point that notice of the entry of the judgment was served upon the plaintiff's attorney not personally, but by mail, and that under these circumstances the plaintiff was allowed double time within which to move for relief, so that she had two years, instead of one, within which to make her application. Code Civ. Proc. § 798. The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.